## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

ADENIKE ADEBIYI,

      Plaintiff,

v.                                                    Case No. 4:25-cv-212-RH/MJF

FLORIDA DEPARTMENT OF
HEALTH, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Because more than one year has elapsed since Plaintiff commenced this civil action, and Plaintiff has failed to properly serve Defendants John Tanner, Jack Abramson, and Miranda Bullington, the District Court should grant Defendants' motion to dismiss for insufficient service of process.

### BACKGROUND

On November 7, 2024, Plaintiff, proceeding *pro se*, commenced this civil action in the United States District Court for the Southern District of New York. Doc. 1. Also on that date, the clerk of that court issued summonses for Defendants. Doc. 3.

## A.   Defendants' First Motion to Dismiss

On January 31, 2025, Defendants Abramson, Bullington, and Tanner filed a motion to dismiss asserting, *inter alia*, insufficient service of process. Doc. 9. Defendants explained that Plaintiff's service efforts included the following:

- on some date not specified by Plaintiff or Defendants, the United Parcel Service delivered a copy of the summons but not the complaint to Abramson.

- on a date not specified by Defendants or Plaintiff, Plaintiff sent by UPS a copy of the summons and complaint to Tanner's daughter's residence.

- on a date not specified by Defendants or Plaintiff, Plaintiff sent a copy of the summons and complaint to Bullington via FedEx.

Doc. 9 at 4, 6, 8; *see* Docs. 36–39.

On April 25, 2025, United States District Judge Andrew L. Carter, Jr. denied Defendants' motion to dismiss without prejudice. Doc. 11. Also on that date, pursuant to 28 U.S.C. § 1404, Judge Carter transferred this action to the United States District Court for the Northern District of Florida. Doc. 12.

## B.    Defendants' "Renewed" Motion to Dismiss

On December 30, 2025, Tanner, Abramson, and Bullington filed a renewed motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5). Doc. 31. Plaintiff filed a response in opposition. Doc. 32. In her response, Plaintiff did not address the sufficiency of service of process.

## DISCUSSION

Under Rule 12(b)(5), a party may move for dismissal for insufficient service of process. Service of process is a jurisdictional requirement, and "a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008).

A plaintiff "is responsible for having the summons and complaint served on the defendant" in accordance with Rule 4 of the Federal Rules of Civil Procedure. *Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014); *Lepone-Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1280–81 (11th Cir. 2007). Unless service is waived, the person effecting service must file proof of service with the district court. Fed. R. Civ. P. 4(l)(1). When a defendant challenges the sufficiency of service, the

serving party "bear[s] the burden of establishing its validity." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Reeves v. Wilbanks*, 542 F. App'x. 742, 746 (11th Cir. 2013). "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan*, 490 F.3d 826, 828 (11th Cir. 2007).

Under Rule 4(e)(2) of the Federal Rules of Civil Procedure, service on an individual may be accomplished by:

- delivering a copy of the summons and of the complaint to the individual personally;

- leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

- delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)–(C).

Under Rule 4(e)(1), service can also be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Like the Federal Rules, Florida law provides that a plaintiff may serve an individual by delivering a copy of the summons and complaint to the person to be served or by leaving copies of the

Page 4 of 6

summons and complaint at a defendant's residence. Fla. Stat. § 48.031(1)(a).

Plaintiff failed to file proof of service for each Defendant or an executed waiver of service for Defendants. Although Plaintiff made at least one attempt to serve each Defendant, Plaintiff does not dispute that her efforts to serve Defendants did not comply with the Federal Rules or Florida law. *See* Docs. 31, 32. Specifically, according to uncontested affidavits filed by Defendants, Plaintiff did not personally serve Defendants and she did not leave a copy of the summons and complaint at Defendants' respective residences. Consequently, Plaintiff has not carried her burden of demonstrating that she complied with the service requirements of Rule 4.

This case is *more than one year old*. Plaintiff still has not effected service of process consistent with Rule 4(e), even though Defendants made Plaintiff aware of this failure on at three occasions. *See* Docs. 9, 19, 31. The District Court, therefore, should dismiss this action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.     **GRANT** Defendants' motion to dismiss, Doc. 31,

2.     **DISMISS** Plaintiff's claims against Defendants Bullington, Tanner, and Abramson.

3.     **REMAND** this civil action for further proceedings regarding the fourth Defendant—the Florida Department of Health.

At Pensacola, Florida, this <u>3rd</u> day of March, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## <u>NOTICE TO THE PARTIES</u>

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u> **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**