**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


ADENIKE ADEBIYI,

       Plaintiff,

v.                             CASE NO. 4:25cv212-RH-MJF

FLORIDA DEPARTMENT OF
HEALTH et al.,

       Defendants.

_____/


**ORDER DISMISSING THE CLAIMS AGAINST
THE INDIVIDUAL DEFENDANTS**


      The self-represented plaintiff filed this action against the Florida Department of Health and three individuals. The plaintiff did not serve process on the individuals as required. In asserting the contrary, the plaintiff misunderstands the difference between serving process at the outset of a case, on the one hand, and serving other papers later, after the defendants have been brought into the case through initial service of process, on the other hand. The former is governed by Federal Rule of Civil Procedure 4(e), the latter by Federal Rule of Civil Procedure 5. The plaintiff asserts, in effect, that he has complied with Rule 5 and related local

rules and procedures, but the plaintiff has not served initial process as required by Rule 4(e).

The individual defendants' motion to dismiss for failure to serve process is before the court on the magistrate judge's report and recommendation, ECF No. 40, and the plaintiff's objections, ECF No. 41. I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly concludes that the claims against the three individual defendants should be dismissed for failure to effect service of process within the period allowed by Federal Rule of Civil Procedure 4(m). When alerted to the issue, the plaintiff dug in, insisting service on the defendants' attorneys under Rule 5 was sufficient. He was wrong. Dismissal without prejudice is now appropriate.

I expressly determine that there is no just reason for delay and direct the clerk to enter judgment as provided below. The pendency of a lawsuit against an individual sometimes has collateral consequences. Because the claims against the individual defendants are being dismissed, judgment should be entered so providing.

IT IS ORDERED:

1. The report and recommendation is accepted and adopted as the court's opinion.

Case No. 4:25cv212-RH-MJF

2. The motion to dismiss, ECF No. 31, is granted.

3. The clerk must enter judgment stating, "This judgment is entered under Federal Rule of Civil Procedure 54(b). The claims against the defendants Miranda Bullington, John Tanner, and Jack Abramson are dismissed without prejudice for failure to effect service of process."

4. The claims against the Florida Department of Health remain pending. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on March 25, 2026.

s/Robert L. Hinkle
United States District Judge

Case No. 4:25cv212-RH-MJF